**SO ORDERED.**

**SIGNED this 25 day of May, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

**JOHN DELAMAR SCHOONMAKER,**

      Debtor.                                   Case No. 04-02217-8-JRL

**ALGERNON L. BUTLER JR., Chapter 7 Trustee,**

      Plaintiff,                                Adversary Proceeding No.:
                                                      L-04-00079-8-AP

v.

**JOHN DELAMAR SCHOONMAKER,**

      Defendant.
_____

### ORDER

      This case is before the court on the Chapter 7 trustee's complaint objecting to the debtor's discharge. On May 18, 2006, the court conducted a trial of this matter in Wilmington, North Carolina.

### FACTS

1.    The debtor signed a Chapter 7 petition on March 12, 2004 and the petition was filed on March 18, 2004.

2.  On October 24, 2001, the debtor acquired in his sole name a house and lot located in New Hanover County, North Carolina (the "property").

3.  On January 28, 2004, the debtor entered into a contract to sell his entire interest in the property for the purchase price of $162,500.

4.  The closing occurred on March 15, 2004 and the deed was recorded that day.

5.  According to the HUD-1 Settlement Statement, the debtor received $7,996.36 from the sale proceeds (the "sale proceeds").

6.  At the closing, the debtor paid $152,705.64 to Chase Manhattan Mortgage, representing the balance owed on a home mortgage.

7.  The debtor in his Schedule A indicated he owned a one-half undivided interest in residential property as a tenant by the entirety when in fact, the debtor owned the entire fee simple.

8.  The debtor indicated in his Schedule B that he had no contract rights or claims for money when in fact, the debtor had a valid and binding contract to sell his real property.

9.  The debtor stated on his Schedule G that he held no executory contracts when in fact, he had entered into an executory contract for the sale of his residence.

10. The trustee asserts that the debtor knowingly and fraudulently made false oaths with the intent to hinder, delay or defraud creditors and the trustee with regard to the transfer of property of the estate within one year of the petition date.

11. The trustee seeks an order denying the debtor's discharge pursuant to 11 U.S.C. § 727(a)(4).

12. Whether evaluated from the date the debtor signed the petition on March 12, 2004 or the date

the petition was filed on March 18, 2004 (three days after the sale of the house), the petition contained false oaths.

## ANALYSIS

Under 11 U.S.C. § 727(a)(4), the court will grant a debtor's discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account." A party objecting to discharge based on this provision has the burden of proving that "(1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case." Sholdra v. Chilmark Fin., LLP (In re Sholdra), 249 F.3d 380, 382 (5th Cir. 2001). "Fraudulent intent" may be established through circumstantial evidence or "proof of a 'reckless indifference to the truth.'" Dean v. McDow, 299 B.R. 133, 140 (E.D. Va. 2003).

The debtor in this case has acknowledged that his petition contains false statements that are material to the bankruptcy case and were made under oath. At the trial, the debtor testified that he knew the statements were false when he signed the petition. The debtor contends, however, that he did not make these statements with fraudulent intent but on the advice of counsel. After preparing the petition, the debtor's attorney advised him to sign it and disclose the sale of his real property at the meeting of creditors. The debtor testified that although he did not understand his claimed exemption in entireties property, he was informed by counsel that he held title to real property as a tenant by the entirety. The debtor's wife and sister testified that he was advised by counsel not to disclose the sale of his residence and to use the sale proceeds to pay advance rent on a residence in Asheville, North Carolina.

The testimony of the debtor, his wife, and his sister establishes that he relied on the advice of his

3

attorney, who holds himself out as a specialist in the practice of bankruptcy law, in preparing and filing his petition. When he questioned his attorney, he was assured that the attorney's advice was sound. There has been no proof of "reckless indifference to the truth" provided by the trustee. Instead, all of the trustee's evidence establishes that the debtor has subsequently made efforts to be truthful and correct any misrepresentations made at the commencement of the case.

The circumstantial evidence in this case also supports a finding that the debtor lacked fraudulent intent. After the trustee discovered that statements on the petition were false and brought an adversary proceeding against the debtor and his relatives, the debtor entered into a compromise agreement with the trustee and has complied with its terms. He has also made himself available to the trustee for questions and allowed his responses to be recorded and transcribed, as evidenced by the November 17, 2005 transcript introduced into evidence at the trial. His cooperation with the trustee has resulted in a benefit to the estate and his creditors.

## **CONCLUSION**

Based on the foregoing, the court finds that the debtor did not have the requisite fraudulent intent when he made false statements under oath. As such, there are no grounds on which to deny the debtor his discharge under § 727. Accordingly, the court denies the relief requested in the trustee's complaint.

"End of Document"